**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JERMAINE JOSEPH DUNLAP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-1095 (UNA) |
| | ) | |
| SUPERIOR COURT OF CALIFORNIA, | ) | |
| COUNTY OF SAN BERNARDINO, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the petition for a writ habeas corpus (ECF No. 1) of

Jermaine Joseph Dunlap, a California state prisoner.  The assertions set forth in the petition are

incomprehensible.  That said, by filing a habeas petition the Court presumes that petitioner

challenges his conviction and sentence and demands his release from custody.

A habeas action is subject to jurisdictional and statutory limitations.  *See Braden v. 30th*

*Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973).  The proper respondent in a habeas corpus action is

petitioner's custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), who ordinarily is the

warden of the facility where a petitioner is detained, *see Chatman-Bey v. Thornburgh*, 864 F.2d

804, 811 (D.C. Cir. 1988).  And this "district court may not entertain a habeas petition involving

present physical custody unless the respondent custodian is within its territorial jurisdiction."

*Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).  The petition neither

names petitioner's custodian as a respondent nor demonstrates that the respondent is in the

District of Columbia.

The Court will grant petitioner's application to proceed *in forma pauperis* and dismiss his petition without prejudice for want of jurisdiction.  A separate Order accompanies this Memorandum Opinion.


DATE: May 6, 2022

                                       _____

                                       TREVOR N. McFADDEN
                                       United States District Judge